IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD GAINES,

        Plaintiff,

                 CIVIL ACTION
  vs.              No. 04-3218-GTV

FRED LAWRENCE, et al.,

        Defendants.

## ORDER

  Plaintiff initiated this civil action to seek damages for the alleged violation of his constitutional rights. Plaintiff stated he was injured in November 2003 during his removal from a transport van at the facility operated by Corrections Corporation of America, and alleged inadequate medical attention to his injury.

  By an order dated July 24, 2004, the court directed plaintiff to supplement the complaint to avoid dismissal of the action without prejudice pursuant to 42 U.S.C. § 1997e(a), and to show cause why the complaint should not be dismissed against all named defendants as stating no claim for relief. In response, plaintiff sought a stay to allow him to exhaust administrative remedies, or in the alternative, to dismiss his complaint without prejudice.

  On August 17, 2004, the court denied plaintiff's request for a stay and dismissed the complaint without prejudice pursuant to plaintiff's notice of voluntary dismissal. *See* Fed.R.Civ.P. 41(a)(1)(i)(providing for voluntary dismissal by plaintiff). Before the court is a motion plaintiff filed in September 2006 to reopen his case (Doc. 9). Also before the court is plaintiff's motion to

compel discovery (Doc. 10), and motion for leave to amend the complaint (Doc. 12).

Generally, "a voluntary dismissal without prejudice leaves the parties as though the action had never been brought." Brown v. Hartshorne Public School Dist. Number 1, 926 F.2d 959, 961 (10th Cir. 1991)(citations omitted). Accordingly, this court has no jurisdiction to grant any relief from judgment or to address plaintiff's other pending motions. *See* Netwig v. Georgia Pacific Corp., 375 F.3d 1009 (10th Cir. 2004). Once a notice of dismissal is filed under Rule 41(a)(1)(i), "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." Id. at 1011 (citation omitted). Plaintiff's motions are thus denied, and plaintiff's motion to compel the court's adjudication of his pending motions is rendered moot.

IT IS THEREFORE BY THE COURT ORDERED that plaintiff's pending motions (Docs. 9, 10, 12, and 14) are denied.

**IT IS SO ORDERED.**

DATED:  This 20th day of June 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2